The **BOARD OF EDUCATION OF the CITY OF NEW YORK, Plaintiff,**

v.

**Gordon AMBACH, Commissioner of Education for the State of New York, and Mr. Joseph R., on Behalf of his son, Mordechai R., Defendants.**

**No. CV 85–0253.**

United States District Court, E.D. New York.

Feb. 27, 1986.

Frederick A.O. Schwarz, Jr., Corp. Counsel, City of New York (Beth G. Schwartz, Vincent D'Orazio, of counsel), New York City, for plaintiff.

Robert D. Stone (Kenneth Pawson, of counsel), Albany, N.Y., for defendant Gordon Ambach.

Neal H. Rosenberg, New York City, for defendants Joseph R. and Mordechai R.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

The Board of Education of the City of New York (the Board) brought this action pursuant to the Education For All Handicapped Children Act, 20 U.S.C. § 1401 *et seq.* (the Act) and the New York State Education Law § 4404(4) (the Law). The Board seeks to set aside a determination of defendant Ambach, the Commissioner of Education of the State of New York (the Commissioner), awarding tuition reimbursement to defendant Joseph R., the father of Mordechai R. (Mordechai), a handicapped child, for his attendance for the 1983–1984 year at the Hebrew Academy for Special Children (the Academy). No essential facts are in dispute, and both sides have moved for summary judgment.

Mordechai's parents enrolled him in the Academy in 1981. On December 8, 1982 the Committee on the Handicapped District 20 (the Committee) classified him as severely mentally retarded and recommended a public school placement. At the request of his father, Joseph R., the Committee held a further meeting and again concluded that the public school placement was appropriate. His parents challenged the recommended placement pursuant to 20 U.S.C. § 1415(a) and (b) and New York Education Law § 4404(1).

On March 30, 1983 the Committee informed Joseph R. that Mordechai was eligible for private school funding as of December 9, 1982 under this court's order Number 8 in *Jose P. v. Ambach*, because the Committee had failed to offer a placement within 60 days of Mordechai's referral. The Board then funded his attendance at the Academy for the period December 9, 1982 through June of 1983.

In August of 1983 the Committee once more classified Mordechai as severely mentally retarded and offered Mordechai's parents a public school program for the 1983–1984 school year. Joseph R. asked to meet with the Committee to discuss the recommendation. On December 20, 1983 the Committee again recommended a public school placement. Joseph R. disagreed and requested an impartial hearing pursuant to 20 U.S.C. § 1415(a) and (b) and New York Education Law § 4404(1).

In a June 11, 1984 decision the impartial hearing officer found the placement appropriate but directed funding for Mordechai's tuition for the 1983–1984 school year at the Academy, because of " 'unusual and exceptional circumstances' relating to communication between the parents and the school district." The hearing officer said that if Mordechai was again enrolled out of the public school system his parents could not get funding absent exceptional circumstances.

The parents then appealed to the Commissioner, who approved the placement in a public school but decided that the hearing officer was wrong to limit the obligation to pay tuition to one year. The Commissioner held that because the placement at the Academy became Mordechai's "educational placement" within the meaning of the law, his parents were entitled to public funding for his attendance at the Academy during the appeal proceedings.

The issue is whether the placement in the Academy pursuant to this court's order filed July 8, 1982 in the *Jose P.* case is

Mordechai's "current educational placement," entitling his parents to funding pursuant to 20 U.S.C. § 1415(e)(3) until all proceedings reviewing the placement recommendation conclude. That section provides, in pertinent part, that "[d]uring the pendency of any [review] proceedings ... the child shall remain in the then current educational placement of such child." The Board claims that the Academy did not become Mordechai's current educational placement and therefore that after the August 1983 recommendation of a public school program the parents had no right to public funding for the attendance at the Academy.

Under the court's order filed July 8, 1982 in the *Jose P.* case both the Board and the State Education Department "shall determine that the placement [of a child in a private school] was appropriate for the needs of the child." This court contemplated that an enrollment after such a determination would be a "placement" for all purposes. Mordechai's enrollment in the Academy pursuant to the order was thus not "unilateral" as the Board urges.

As Judge Platt said in an indistinguishable case, *Board of Education v. Ambach,* 612 F.Supp. 230, 232 (E.D.N.Y.1985), to hold with the Board would be to "eviscerate the meaning and intent of the procedural safeguards" of 20 U.S.C. § 1415, "the purpose of which was to ensure some stability in a handicapped child's school placement during the pendency of impartial review proceedings of the school agency's placement recommendation."

This court does not deem *Zvi D. v. Ambach,* 694 F.2d 904 (2d Cir.1982), pertinent. That case did not concern a placement under the *Jose P.* order. The Court of Appeals recognized that the *status quo* provision would have applied to Zvi D. had his private placement been ordered. *Id.* at 908.

Defendants' motion for summary judgment is granted, and the complaint is dismissed. So ordered.